## City of Chicago
### v.
## John P. Altgeld.

*Municipal Corporations—Grading of Street—Injury to Private Property —Corporation Counsel—City Attorney—Conflict of Authority—Rule of Court.*

1. The rule requiring exceptions to be taken to the rulings of trial courts in order to present them for review in this court, is as strictly applicable to municipal corporations as to natural persons, and it is likewise applicable in cases where the liberty of the citizen is involved.

2. In an action brought against a municipality for the recovery of damages for an injury to private property, occasioned through raising the grade of one of its streets, the burden of proof is upon the plaintiff to show that the injurious act was committed while he was owner of the premises injured.

3. In the case presented, this court holds that the conduct of the plaintiff with reference to the institution of suit, and the trial thereof, was open, fair and honorable in every respect.

[Opinion filed April 17, 1889.]

Appeal from the Circuit Court of Cook County; the Hon. A. N. Waterman, Judge, presiding.

Messrs. John W. Green and Clarence A. Knight, for appellant.

Mr. EUGENE E. PRUSSING, for appellee.

GARNETT, P. J.    Appellee sued appellant in an action on the case to recover damages to his property caused by raising the grade of the street on which it fronted.

About the time the suit was brought, the city attorney agreed to have the case tried speedily, and out of its order. A misunderstanding then arose between the city attorney and the corporation counsel, the latter insisting that the case should not be tried under the stipulation.    When the case was called for trial on June 18, 1888, the time agreed on, the corporation counsel appeared in court, claimed the legal right to conduct the defense, and moved for a continuance or postponement for a reasonable time to prepare the defense.    The motion was overruled, the trial proceeded and judgment was rendered for appellee for $26,494.60, from which the city brings this appeal.

The Circuit Court is said to have erred in refusing to permit the corporation counsel, instead of the city attorney, to control the litigation, in disregarding his motion for a continuance or reasonable time to prepare the defense.    The correctness of the ruling is not presented by this record, as no exception was taken thereto, and we should exceed the bounds of propriety in entering upon a discussion of the relations of the two city law officers to each other, or to the corporation.    The rule requiring exceptions to be taken to the rulings of the trial courts, in order to present them for review in this court, is as strictly applicable to municipal corporations as to natural persons.    So rigid is the rule that it is applied even in cases where the liberty of the citizen is involved. Hughes v. The People, 116 Ill. 330.    The record shows that appellee acquired title to the property in question on September 26, 1887, but there was no evidence tending to prove that the raising of the grade which caused the injury was done, in whole or in part, after the title was vested in appellee. The only evidence as to the time when the grade was raised was given by the witness, Wain, and he only testified that the work was done within a year, and neither the court nor the

jury would be warranted in inferring that it was done after September 26, 1887. His evidence was given June 18, 1888. The work might have been done between June 18, 1887, and September 26, 1887, and if it was, appellee would have no right of action. For such injuries, only the owner of the land at the time of the act so complained of, can recover damages. C. & A. R. R. Co. v. Maher, 91 Ill. 312; C. & E. I. R. R. Co. v. Loeb, 118 Ill. 203. The burden is on the plaintiff to show that the injurious act was committed while he was owner of the premises.

Considerable feeling having been manifested in the case, and the counsel for the city on the oral argument having expressed the hope that decision might be made which would not reflect on the appellee, and as, under such circumstances our silence on the subject may be misconstrued, we think it but right to say that, from the facts disclosed by the record, it appears that the course pursued by the appellee was fair, open and free from any just grounds for censure. For want of evidence on the point noted the judgment is reversed and the cause remanded.

*Reversed and remanded.*